IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-78-KS

| | |
|---|---|
| VALARIE MUNDIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1] ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Valarie Mundia ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have fully briefed the issues, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the court grants Plaintiff's Motion for Judgment on the Pleadings [DE #21], denies Defendant's Motion for Judgment on the Pleadings [DE #24], and remands the case

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).

to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for DIB and SSI on July 17, 2018, with an alleged onset date of August 3, 2017. (R. 12, 263–69, 281–85.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 12, 107–08, 133–34, 182–83.) A telephonic hearing was held on April 6, 2020, before Administrative Law Judge ("ALJ") Anne-Marie A. Ofori-Acquaah, who issued an unfavorable ruling on July 13, 2020. (R. 9–61.) On December 14, 2020, the Appeals Council denied Plaintiff's request for review. (R. 1–5.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. On February 15, 2021, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v.*

2

*Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show

that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter relevant to the DIB claim, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (R. 14.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date of August 3, 2017. (*Id.*) Next, the ALJ determined Plaintiff had the severe impairments of peripheral neuropathy, carpal tunnel syndrome, morbid obesity, and migraine headache. (R. 15.)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 15–16.) The ALJ expressly considered Listings 11.14 and Listing 11.02 (pursuant to SSR 19–4P as to

4

Plaintiff's headaches). (*Id.*) The ALJ also considered Plaintiff's obesity in accord with SSR 19–2P. (*Id.*)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform light work (i.e., lift and carry up to 20 pounds occasionally and 10 pounds frequently as well as sit, stand and/or walk up to six hours each during an eight-hour workday) as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she can frequently handle and finger with the dominant right upper extremity and she can have no exposure to unprotected heights or moving mechanical parts.

(R. 16.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 16–17.) At step four, the ALJ concluded that Plaintiff can perform past relevant work as a community health nursing director. (R. 19.) The ALJ concluded that Plaintiff has not been disabled under the Act since August 3, 2017, Plaintiff's alleged onset date. (*Id.*)

## IV. Plaintiff's Arguments

Plaintiff raises two arguments on review:

(A) the ALJ erred by failing to adequately account for the vocationally limiting effects of Plaintiff's migraines in the RFC (Pl.'s Mem. Supp. Mot. J. Pldgs. [DE #22] at 4–9); and

> (B)   the structure of the Social Security Administration is unconstitutional to the extent the Commissioner serves a term longer than the President and can only be removed for cause (*id.* at 9–11).

As to the RFC issue, Plaintiff contends that the ALJ's opinion is unclear whether and to what extent Plaintiff's migraines affect her ability to stay on-task at work and to meet the attendance requirements of full-time work. The Commissioner contends that the ALJ's assessment of the evidence regarding Plaintiff's migraines was thorough and sufficient to enable meaningful review. (Def.'s Mem. Supp. Mot. J. Pldgs. [DE #25] at 5–8.) For the reasons explained below, the court disagrees with the Commissioner and therefore orders remand. In turn, the court declines to address Plaintiff's second argument.

To survive review, the ALJ must explain how the evidence led to her conclusions. *Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020) ("To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016))); *see also Mascio*, 780 F.3d at 637 (remand is necessary when a reviewing court is "left to guess about how the ALJ arrived at [her] conclusions"); SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996) (ALJ must "explain how any material inconsistencies or ambiguities in the evidence were considered and resolved").

The ALJ found Plaintiff's migraines to be a severe impairment. (R. 15.) The ALJ summarized some of Plaintiff's treatment, noting that Plaintiff "received ongoing care for migraine headaches, and [Plaintiff] acknowledged some improvement with Botox treatment" and Plaintiff had benign neurological findings. (R. 18.)

Nevertheless, the only analysis regarding Plaintiff's migraines is the following: "Recognizing that [Plaintiff] does have limitations because of her conditions, including her use of multiple medications for headaches and neuropathy pain compounded by her obesity, the undersigned has reduced her residual functional capacity to light work with the additional limitations noted above." (R. 18.) There is no explanation as to why limiting Plaintiff to light work accounts for the functional impact of her migraines, including any improvement through Botox treatment.

During the hearing before the ALJ, the vocational expert ("VE") explained the tolerated absenteeism and off-task time differences for Plaintiff's prior jobs. (R. 57–59.) This was in direct response to the ALJ's hypothetical questions involving tolerated absences. (R. 58.) Specifically, the VE testified Plaintiff's prior jobs that were "more supervisory roles" would tolerate up to two days of absence per month and fifteen percent off-task time during the workday. (R. 59.) In contrast, the VE testified that Plaintiff's other past relevant work—the less supervisory roles—would not tolerate two days of absence per month and only ten percent off-task time during the workday. (*Id.*) Despite this discussion, ALJ Ofori-Acquaah did not assess any off-task time or absenteeism based on Plaintiff's impairments in the RFC, finding that Plaintiff could perform her past relevant work as a community health nursing director, as that job is generally performed. (R. 16, 18.)

While expressing no opinion as to what the functional impacts of Plaintiff's migraines are, the court is not able to trace the ALJ's reasoning in this regard. It may be, as the Commissioner suggests on review, that the ALJ believed no off-task or

7

absentee time was appropriate in the RFC because Plaintiff's "more recent intermittent headaches did not significantly affect [Plaintiff's] functioning." (Def.'s Mem. Supp. Mot. J. Pldgs. at 8.) However, on this record, there is insufficient analysis from the ALJ as to why she assessed no such RFC limitations. Accordingly, remand to the Commissioner is necessary. *See Arakas*, 983 F.3d at 95; *Mascio*, 780 F.3d at 637.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings [DE #21] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #24] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 28th day of March 2022.

_____
KIMBERLY A. SWANK
United States Magistrate Judge